# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

PROGRESSIVE INSURANCE CO.,     )
    )
    **Plaintiff,**     )
    )     **Civil Action No. 2:10-0013**
**v.**     )     **Judge Campbell / Knowles**
    )
DONNIE WILLIAMS d/b/a     )
WILLIAMS TRUCKING,     )
    )
    **Defendant.**     )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Plaintiff's Motion for Summary Judgment. Docket No. 34. In support of that Motion, Plaintiff has contemporaneously filed a Memorandum of Law with Exhibits. Docket Nos. 34-1 and 34-2. Plaintiff's Memorandum of Law with Exhibits also contains a statement of Undisputed Material Facts. *Id.*

Plaintiff seeks a Declaratory Judgment that its policy number 05672452-0, issued to Defendant, provides no coverage for any injuries or damages claimed or sustained by a non-party, Franklin D. Taylor. Docket No. 1, 16. Mr. Taylor previously filed suit against Defendant in the Circuit Court of Kanawha County, West Virginia, Docket No. 09-C-1609. Docket No. 1-1. In the case at bar, which invokes the Court's diversity jurisdiction,[1] Plaintiff seeks a Declaratory Judgment that it owes no duty to defend or indemnify Defendant under that policy in

---

[1] See Docket Nos. 1, 10, 15, 16.

1

that litigation.

Plaintiff filed the instant Motion and accompanying materials on August 30, 2010. Docket Nos. 34 - 34-2.  Plaintiff argues that it is entitled to summary judgment because it is undisputed that Mr. Taylor was an employee of Defendant, working within the scope of his job when the accident occurred, and that Plaintiff's insurance policy contains an express provision excluding coverage, *inter alia*, for employees injured during the scope of their employment.  *Id.*

Defendant has not responded to Plaintiff's Motion or Undisputed Material Facts.

For the reasons set forth below, the undersigned recommends that Plaintiff's Motion for Summary Judgment be GRANTED.

## II.  Undisputed Facts[2]

Defendant Williams began his trucking business known as Williams Trucking in June 2007, with his partner Randy Denton.  Docket No. 34-2 (Examination under oath of Defendant Donnie Williams), pp. 6, 11.  Donnie Williams and Randy Denton each owned a truck when they became partners.  *Id., p. 7.*  Each partner took care of the expenses for his own truck.  *Id.*, p. 8.  Each partner paid half of Williams Trucking's business expenses.  *Id.*

Frankie Taylor was hired to work at Williams Trucking in September 2007.  *Id.*, p. 12, and Ex. 4 (Driver Contract).  Mr. Taylor drove a truck owned by Donnie Williams from September 2007 until the accident, and was earning fifty percent of the profit made by Williams trucking on each load he transported.  *Id.*

In January 2008, Mr. Taylor modified his employment contract with Williams Trucking. *Id.*  The modified employment contract provided that Mr. Taylor would be available to drive

---

[2] The following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

Monday through Friday, and be paid $.31 per loaded mile traveled, which would be paid every Friday. *Id.* The contract also provided that Mr. Taylor was prohibited from having passengers in the truck owned by Williams Trucking, would give two weeks notice for court hearings, would turn in paperwork regarding his loads, would be responsible for his own taxes, and would receive a 1099 form from Williams Trucking. *Id.* Donnie Williams and Williams Trucking had the authority to fire Mr. Taylor. Docket No. 34-2, p. 28.

Mr. Taylor was involved in an automobile accident on February 27, 2008, on Route 33 in Elkins, West Virginia while driving a truck owned by Williams Trucking. Docket No. 16 (Amended Complaint for Declaratory Judgment), ¶ 3. Mr. Taylor was performing duties related to the conduct of the business of Williams Trucking at the time of the accident. *Id.*, Ex. A. The lawsuit filed by Mr. Taylor in West Virginia seeks damages for bodily injuries he received in the accident. Docket No. 1-1.

Defendant purchased a commercial policy of insurance ("policy") from Plaintiff with effective dates of March 7, 2007 through March 7, 2008. *Id.*, Exhibit B. The policy states in relevant part as follows:

> Coverage under this PART I and our duty to defend does not apply to:
>
> . . .
>
> 3. Any obligation for which the insured or an insurer of that insured, even if one does not exist, may be held liable under worker's compensation, unemployment compensation, disability benefits law, or any similar law.
>
> . . .
>
> 5. Bodily injury to: a) an employee of the insured arising out of or within the course of (i) that employees employment by the insures; or (ii) performing duties related to the conduct of the insured's business . . . .

3

*Id.*

# III.   Analysis

## A.  Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b.  Response.**  Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court.  Failure to file a timely response shall indicate that there is no opposition to the motion.

Plaintiff filed the pending Motion on August 30, 2010.  Docket No. 34.  Defendant has failed to timely respond to Plaintiff's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c.  Response to Statement of Facts.**  Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed.  Each disputed fact must be supported by a citation to the record. ...
>                                         . . .
> **g.  Failure to Respond.**  Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Defendant has failed to timely respond to Plaintiff's Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Defendant's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment."  Accordingly, there are no genuine issues as to

any material fact and all that remains to be determined is whether Plaintiff is entitled to a

judgment as a matter of law.

## B. Motion for Summary Judgment

It would be inappropriate to grant Plaintiff's Motion solely on the ground that Defendant

has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir.

1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the
> movant simply because the adverse party has not responded. The
> Court is required, at a minimum, to examine the movant's Motion
> for Summary Judgment to ensure that he has discharged [his
> initial] burden ... The federal rules require that the party filing a
> Motion for Summary Judgment "always bears the burden of
> demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Plaintiff has met its burden

under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the

burden of proving the absence of a genuine issue as to material fact concerning an essential

element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.

1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C.  The Case At Bar

It is undisputed that Mr. Taylor was an employee of Defendant and that he was performing duties related to the conduct of the business of Williams Trucking at the time of the accident. It is also undisputed that Defendant purchased a commercial insurance policy from Plaintiff that explicitly excludes bodily injury to an employee of the insured arising out of or within the course of employment, or while performing duties related to the conduct of the insured's business.

Each party's rights and obligations are governed by the terms of the contract of insurance

as embodied in the policy. *Black v. Aetna Ins. Co.*, 909 S.W.2d 1 (Tenn. App. 1995). "An insurance policy must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning." *Naifeh v. Valley Forge life Ins. Co.*, 480 S.W.2d 531, 533 (Tenn. 2006), *citing Parker v. Provident Life & Acci. Ins. Co.,* 582 S.W.2d 380, 383 (Tenn. 1979).

Because the policy at issue contains unambiguous provisions that explicitly exclude coverage for bodily injury to employees of the insured for injuries arising out of or within the course of employment, or while performing duties related to the conduct of the insured's business, and because it is undisputed that Mr. Taylor was an employee who was involved in an accident while performing duties related to the conduct of the business of Williams Trucking (the insured), Plaintiff cannot be held liable for any injuries or damages claimed or sustained by Mr. Taylor for bodily injuries, nor can Plaintiff be found to owe a duty to defend or indemnify Defendant. Accordingly, summary judgment should be granted in its favor.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket No. 34) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge